# Exhibit A

THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for BYRON CHAPMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN<br><br>        Plaintiff,<br><br>v.<br><br>J&W HOTEL, INC., a California<br>Corporation dba BEST WESTERN LA<br>POSADA MOTEL,<br><br>        Defendant. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br>**AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of<br>Access by a Public Accommodation in<br>Violation of the Americans with Disabilities Act<br>of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full<br>and Equal Access in Violation of California<br>Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of<br>Accessible Sanitary Facilities in Violation of<br>California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of<br>Access to Full and Equal Accommodations,<br>Advantages, Facilities, Privileges and/or<br>Services in Violation of California Civil Code<br>§51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

      Plaintiff BYRON CHAPMAN complains of defendant J&W HOTEL, INC., a California

2 Corporation dba BEST WESTERN LA POSADA MOTEL, and alleges as follows:

3 **INTRODUCTION:**

4      1.     This is a civil rights action for discrimination against persons with physical

5 disabilities, of which class plaintiff BYRON CHAPMAN and the disability community are

6 members, for failure to remove architectural barriers structural in nature at defendants' BEST

7 WESTERN LA POSADA MOTEL, a place of public accommodation, thereby discriminatorily

8 denying plaintiff and the class of other similarly situated persons with physical disabilities access

9 to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,

10 facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages

11 pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California

12 Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

13      2.     Plaintiff BYRON CHAPMAN is a person with physical disabilities who, on or

14 about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011, July 18,

15 2011 and October 13, 2012, was an invitee, guest, patron, customer at defendants' BEST

16 WESTERN LA POSADA, in the City of Fillmore, California. At said time(s) and place,

17 defendants failed to provide proper legal access to the motel, which is a "public accommodation"

18 and/or a "public facility" including, but not limited to signage, parking, cashier counter, guest

19 room(s), men's restroom and women's restroom. The denial of access was in violation of both

20 federal and California legal requirements, and plaintiff BYRON CHAPMAN suffered violation

21 of his civil rights to full and equal access, and was embarrassed and humiliated.

22 ///

23 ///

24 ///

25 ///

  ///

27 ///

28 ///

**JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; and California Building Code.

9      4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 827 W. Ventura Street, in the City of Fillmore, County of Ventura, State of California, and that

12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

     5.    Plaintiff BYRON CHAPMAN is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable

22 California and United States laws. Plaintiff has a spinal cord injury which affects both lower

23 extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has

24 approximately 50% motor skills and no sensitivity) and which requires that he use a wheelchair

25 for mobility for the majority of the time.

/// 

/// 

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

Consequently, plaintiff BYRON CHAPMAN is a member of that portion of the public whose

2  rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access

3  to Public Accommodations by Physically Handicapped Persons") and the protections of the

4  Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54,

5  and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6          6.    **DEFINITIONS:**

7                a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines

8                      of 1990; and The Americans with Disabilities Act Accessibility Guidelines

9                      2010 revision. (Used where applicable).

10               b.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical

11                     features that limit or prevent people with disabilities from obtaining the

12                     goods or services that are offered.  They can include but are not limited to

                       the following examples:  parking spaces that are too narrow to

                       accommodate people who use wheelchairs; a step or steps at the entrance

15                     or to part of the selling space of a store; round doorknobs or door hardware

16                     that is difficult to grasp; aisles that are too narrow for a person using a

17                     wheelchair; electric scooter, or a walker; a high counter or narrow

18                     checkout aisles at a cash register, and fixed tables in eating areas that are

19                     too low to accommodate a person using a wheelchair or that have fixed

20                     seats that prevent a person using a wheelchair from pulling under the table.

21                     Excerpted from the *"ADA Guide for Small Businesses"* with an

22                     interlineationmodification. http://www.ada.gov/smbustxt.htm.

23                     (The descriptive use of the word "barriers" as used herein is synonymous

24                     with architectural barriers).

25               c.    **ELEMENTS** - An architectural or mechanical component of a building,

                       facility, space, or site (e.g., telephone, curb ramp, door, flush valve,

27                     drinking fountain, seating, or water closet, toilet seat, dispensers) and/or

28                     placement or lack thereof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

d.   **CATEGORICAL ARCHITECTURAL BARRIERS** - Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category.  For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY** - All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE** - Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE** - The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE** - A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

j.   **ACCESSIBLE SPACE/PATH OF TRAVEL** - Space that complies with ADAAG guidelines.

k.   **NON COMPLYING** - Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

7.     Defendant J&W HOTEL, INC. (hereinafter alternatively collectively referred to as

2 | "defendants") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors

3 | and/or lessees, of the public accommodation known as BEST WESTERN LA POSADA, located

4 | at/near 827 W. Ventura Street,  California, or of the building and/or buildings which constitute

5 | said public accommodation.

6 |     8.     At all times relevant to this complaint, defendant J&W HOTEL, INC., owns and

7 | operates in joint venture the subject BEST WESTERN LA POSADA as a public acco-

8 | mmodation. This business is open to the general public and conducts business therein.  The

9 | business is a "public accommodation" or "public facility" subject to the requirements of

10 | California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

11 | ADA, 42 U.S.C. §12101, *et seq.*

12 |     9.     At all times relevant to this complaint, defendant J&W HOTEL, INC. is jointly

13 | and severally responsible to identify and remove architectural barriers at the subject BEST

14 | WESTERN LA POSADA pursuant to Code of Federal Regulations title 28, section 36.201(b),

15 | which states in pertinent part:

16 |          **§ 36.201      General**

17 |               (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
18 |          accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
19 |          requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
20 |          be determined by lease or other contract.

21 |          28 CFR §36.201(b)

22 | **PRELIMINARY FACTUAL ALLEGATIONS:**

23 |     10.     The BEST WESTERN LA POSADA, is a motel, located at/near 827 W. Ventura

24 | Street, Fillmore, California 93015. The BEST WESTERN LA POSADA, its signage, parking,

25 | cashier counter, guest room(s), men's restroom and women's restroom, and its other facilities are

26 | each a "place of public accommodation or facility" subject to the barrier removal requirements of

27 | the Americans with Disabilities Act.

28 | ///

On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

2   structural repairs and additions," each of which has subjected the BEST WESTERN LA

3   POSADA and each of its facilities, its signage, parking, cashier counter, guest room(s), men's

4   restroom and women's restroom to disability access requirements per the Americans with

5   Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

6       11.   At all times stated herein, defendants' and each of them with the knowledge that

7   each of them had a continuing obligation to identify and remove architectural barriers where it

8   was readily achievable to do so, failed to adopt a transition plan to provide better and/or

9   compliant access to the subject accommodation.

10      12.   At all times referred to herein and continuing to the present time, defendants, and

11  each of them, advertised, publicized and held out the BEST WESTERN LA POSADA as being

12  handicapped accessible and handicapped usable.

13      13.   On or about March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April

14  17, 2011, July 18, 2011 and October 13, 2012, plaintiff BYRON CHAPMAN was an invitee and

15  guest at the subject BEST WESTERN LA POSADA, with his wife, Judi Chapman, or his

16  daughter, Kelli Morel, or by himself, for purposes of overnight lodging. Plaintiff BYRON

17  CHAPMAN will only seek damages for his April 17, 2011, July 18, 2011 and October 13, 2012

18  visits and deterrence damages.

19      14.   On or about March 11, 2010, plaintiff BYRON CHAPMAN pulled into the

20  parking lot of the BEST WESTERN LA POSADA in his van. There, plaintiff BYRON

21  CHAPMAN encountered the lack of two (2) complying disabled parking stalls with signage

22  access aisle(s). Plaintiff BYRON CHAPMAN did notice two (2) weathered and undecipherable

23  ISA emblems with no disabled parking signage to designated them as compliant stalls. As a

24  consequence, plaintiff BYRON CHAPMAN did not want to risk being blocked in.

25  ///

///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

15.     At said time and place, plaintiff BYRON CHAPMAN wheeled to the lobby door. There, he encountered a threshold approximately three (3) to four (4) inches high. This prevented plaintiff BYRON CHAPMAN from entering.  There was no signage for an accessible entrance or means to summon assistance.  Plaintiff BYRON CHAPMAN tapped on the glass with his keys.  A clerk came and opened the door.  The clerk and another woman lifted part of his wheelchair up.  Plaintiff BYRON CHAPMAN entered.  This was upsetting and stressful for plaintiff.  Once inside, plaintiff BYRON CHAPMAN encountered a lobby counter too high to conduct his business at.  It was difficult to use at best.

16.     At said time and place, plaintiff BYRON CHAPMAN asked for a room for the disabled.  An accessible room.  The clerk said none were available.  Plaintiff was told that a suite was available that might be usable.  Plaintiff rented room #26.  He encountered multiple barriers which made his stay difficult.  There was a one (1) inch threshold at the entry door, inaccessible bathroom and shower area.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17.    On or about that same day March 11, 2010, plaintiff BYRON CHAPMAN wrote

and hand delivered a letter to the owner/operator of the motel. He stated:

> "I am down in this area on business and will be in this area again on business
> and pleasure. I stayed in room 26. The desk clerk said the only rooms
> available that would accommodate a person in a wheelchair would be this
> type of room. I asked if it had a roll in shower and they said no. I asked about
> the tub access and if the bathroom had grab bars and she said there is a grab
> bar. I stay at many Best Western Hotels and I have a Best Western Rewards
> card. When I pulled into the driveway to park and get a room, I did not see
> any disability parking near the office.  I therefore parked in two parking
> spaces to help ensure that I could re-enter my van and not be blocked out by
> someone parking next to the right side of my van (that side has the lift ramp).
> When I got to the office door I could not get my wheelchair over the
> threshold (approximately 3" high) without the help of a guest in the lobby at
> that time.  And from there it just went down hill from there. The disabled
> parking space did not have proper signage. The threshold into my room (26)
> was at best 1½" high. Once in the room, I noticed the light switches were
> very hard to reach and the door safety latch were very hard to reach and the
> door safety latch was very difficult to reach to lock and unlock.  There were
> issues with the table in the room, reaching the vanity sink, thermostat and I
> could not get into the bathroom with my wheelchair, and as for using the tub,
> no way.  I had to settle for a sponge bath so to speak and the toilet is really
> something else. It has been two decades since the ADA (Americans with
> Disabilities Act) was signed into Federal law, that's (20) twenty years. There
> is no reason why you don't have a disability room(s) that are fully accessible
> per the CBC (California Buildings Codes) and the ADA. This rates rather
> high on my recollection of how bad a disability can be not user friendly. You
> need to contact the Justice Department in Washington D.C. They have a toll
> free #  but I don't recall what it is. You might also contact the City of
> Oakland California Disabilities league for information on how to proceed.
> I also suggest you contact your city's building department and ask to speak
> to their ADA Coordinator if one is available. You need to take action
> immediately you are about 20 years late and counting!  Please write me back
> within 4 weeks from the date of this letter informing me what action you plan
> to take to identify the code violations and get them corrected within four (4)
> months from the date of this letter. Please mail your written response to me
> via FedEx or a similar company to ensure I receive upon response in time. I
> look forward to staying at your facility in the near future especially when you
> have rooms that are fully accessible for the disabled.  Thank you in advance
> for your attention in this matter and making all the necessary code corrections
> and within the next four (4) months."

18.     At said time and place, plaintiff BYRON CHAPMAN spoke to both partners of the motel about the lack of access. Jay Hong Kim, one of the partners, said that there were no handicapped rooms because the motel was built before 1990. Plaintiff BYRON CHAPMAN was also told that the local building department said nothing had to be done. Plaintiff BYRON CHAPMAN told them he would be back in the area for business and that they should look into their obligations under the Americans with Disabilities Act (ADA).

19.     On or about March 30, 2010, Jay Hong Kim wrote plaintiff BYRON CHAPMAN. He stated:

> "Thank you for your letter regarding the deficiency in ADA guidelines at La Posada. In the past, no one has had the courtesy to detail their difficulties as a guest in our motel so they may have left feeling inconvenienced and resolved not to return. Your specific descriptions are helpful because they facilitate the remedy. I have begun consulting with ADA compliant, licensed contractors to modify our lobby, parking area and two first-floor rooms for wheel-chair and disabled-persons access. During this slow season the project can be carried out with less disruption to employees and guests. I will keep you advised of our progress in the hope you will return and discuss with me your evaluation."

20.     On or about May 13, 2010, plaintiff BYRON CHAPMAN returned to the BEST WESTERN LA POSADA. Plaintiff BYRON CHAPMAN was alone. There was no disabled parking stall. This forced plaintiff to take up two (2) stalls. Plaintiff BYRON CHAPMAN wheeled to the lobby door. The three (3) to four (4) inch threshold blocked his entry. Plaintiff BYRON CHAPMAN tapped on the glass until the clerk came. Plaintiff BYRON CHAPMAN inquired if there was an handicapped accessible room. He was told "no." Plaintiff BYRON CHAPMAN left and secured a local receipt.

21.     On or about July 28, 2010, plaintiff BYRON CHAPMAN returned to BEST WESTERN LA POSADA. He was hopeful that the barrier removal was in progress. When he drove into the parking lot, he saw that there was still no complying parking stalls or signage for the disabled and that the high threshold was still in place.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      22.    On or about October 9, 2010, plaintiff BYRON CHAPMAN accompanied

2   by his daughter, Kelli Morel, pulled into the parking lot of the LA POSADA. There, plaintiff

3   BYRON CHAPMAN encountered no handicap parking space and the same three (3) to four (4)

4   inch threshold to the lobby/registration. Plaintiff BYRON CHAPMAN asked his daughter to go

5   in and ask for a handicapped accessible guest room. She did. She was told in substance, that

6   there were none.

7      23.    On or about November 3, 2010, plaintiff BYRON CHAPMAN wrote to

8   Jay Hong Kim:

9           "Since your letter of March 30, 2010, I have not heard from you. You were

10  to advise me of your progress. What did your ADA consultant say or
    recommend for the motel? What have the contractor(s) told you about

11  modifying the lobby, parking and guest rooms? What did they tell you? You
    know that roll in showers generally cost a lot less money? Anyway, please

12  tell me what the plan is and when you're getting started if you haven't
    already? I thought I would write you since it's been a little over seven (7)

13  months. Please write me when you get this letter and thank you again in

14  advance for your attention in this matter."

15  Plaintiff BYRON CHAPMAN never received a response.

16     24.    On or about April 17, 2011 and July 18, 2011, plaintiff BYRON CHAPMAN

17  returned to LA POSADA. He returned on April 17, 2011 with his daughter, Kelli Morel,

18  and returned on July 18, 2011with his wife, Judi Chapman. On both occasions, plaintiff BYRON

19  CHAPMAN encountered no parking for the disabled and the same three (3) to four (4) inch

20  threshold at the lobby. Without complying parking, plaintiff BYRON CHAPMAN risked being

21  blocked in and blocked out by other vehicle. Further, it would be a futile gesture for him to try to

22  independently enter the lobby/registration area.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

25. On or about October 13, 2012, plaintiff BYRON CHAPMAN and his wife, Judi

2 Chapman, returned to LA POSADA. Plaintiff BYRON CHAPMAN pulled into a van accessible

3 parking stall and deployed his ramp. He exited his vehicle. Plaintiff BYRON CHAPMAN

4 encountered architectural barriers from there and into the lobby as follows: no marked path of

5 travel to the lobby, entrance and a noncompliant ramp and landing at the lobby's entrance. As a

6 legal result, plaintiff BYRON CHAPMAN had the following adverse experiences: difficulty, fear

7 and anxiety using the ramp because it lacked edge protection. Plaintiff BYRON CHAPMAN was

8 at risk because there was nothing to prevent his wheelchair from going off the side of the landing.

9 Itself was too small.

10 26. At said time and place, plaintiff BYRON CHAPMAN requested a handicap

11 accessible room. He was informed that all accessible rooms were taken. Plaintiff BYRON

12 CHAPMAN then requested a regular non-disabled room. Again, he was informed that all the

13 rooms were taken. Plaintiff BYRON CHAPMAN also inquired about an accessible guest room

14 for October 14, 2012, and was informed that the accessible rooms were already taken.

15 27. Plaintiff BYRON CHAPMAN is informed and believes that there were no

16 handicap accessible rooms whatsoever at LA POSADA, and that all of the rooms for LA

17 POSADA were not taken. Defendants' representatives only told plaintiff BYRON CHAPMAN

18 this information as a form of retaliation for his efforts to bring the LA POSADA into

19 compliance by providing accessible guest rooms.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

/// 

27 ///

28 ///

28.     Therefore, at said time(s) and place, plaintiff BYRON CHAPMAN, encountered

the following architectural barriers as stated herein or lack thereof and/or "elements" and

"facilities" which constituted architectural barriers and/or categorical architectural barriers and a

denial of the proper and legally-required access to a public accommodation to persons with

physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

      b.    lack of the requisite type and number of disabled parking stall(s);

      c.    lack of disabled van accessible parking stall(s);

      d.    lack of handicapped accessible parking signage;

      e.    lack of tow-a-way signage;

      f.    lack of an accessible entrance at lobby/registration due to threshold;

      g.    lack of handicapped accessible registration counter;

      h.    lack of a handicapped accessible guest room with two beds and bathroom within;

      i.    lack of the requisite number for handicapped accessible guest room(s) by classification /category of rooms;

      j.    lack of the requisite number of accessible guest room (s)by classification;

      k.    lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

      l.    lack of a ramp compliant level landing with edge protector at the entrance to the lobby/registration;

      m.    lack of a marked path of travel from the handicap parking stall to the lobby;

///

n.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated;

o.   Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest rooms will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities.

29.   Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at said time(s) and place herein in addition to categorical architectural barriers as stated herein include but are not limited to:

- no disabled parking signage;
- no van accessible parking stall(s) and access aisle(s);
- no level landing at entrance(s);
- step and/or high threshold at entrance to registration/lobby; and
- inaccessible counter in registration /lobby area; and
- no edge protection at the ramp and landing leading to the lobby/registration.

30.   At all time(s) as stated herein, plaintiff BYRON CHAPMAN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

31.   At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff BYRON CHAPMAN from full and equal opportunities afforded to non disabled persons to the goods and services of BEST WESTERN LA POSADA.

32. Plaintiff BYRON CHAPMAN is deterred from returning to BEST WESTERN

2 LA POSADA so long as architectural barrier(s) complained of that he encountered, as stated

3 herein are not ADAAG compliant.

4 33. At said time(s) and place, when plaintiff BYRON CHAPMAN encountered the

5 architectural barriers as stated herein, plaintiff BYRON CHAPMAN in attempting to overcome

6 the barriers to gain access experienced any one or combination of physical difficulty,

7 discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.

8 This constitutes a denial of full and equal access to the subject public accommodation and a

9 denial of the opportunity to independently enjoy and participate in the opportunities, goods and

10 services offered to non disabled persons and patrons, invitees and guests.

11 34. Said architectural barrier(s) as stated herein deprived and deterred plaintiff

12 BYRON CHAPMAN the same full and equal access that a non wheelchair user/non disabled

person would enjoy while engaging in the goods, service and opportunities offered at the subject

14 BEST WESTERN LA POSADA.

15 35. At all times stated herein, the existence of architectural barriers at defendants'

16 place of public accommodation evidenced "actual notice" of defendants' intent not to comply

17 with the Americans with Disabilities Act of 1990 either then, now or in the future.

18 36. At all times stated herein, defendants, and each of them, did not act as

19 reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent

20 for not removing architectural barriers that would foreseeably prevent plaintiff BYRON

21 CHAPMAN from receiving the same goods and services as able bodied people and some of

22 which may and did pose a threat of harm and/or personal injury to people with disabilities.

23 37. As a legal result of defendants' actions or omissions as stated herein and

24 defendants' denial of access to plaintiff to all or part of the facilities constituting the public

25 accommodations which comprise the BEST WESTERN LA POSADA, plaintiff was wrongfully

evicted and/or rejected by defendants, and each of them .

27

28

38.     As a result of the denial of equal access to defendants' facilities due to the acts

2  and omissions of defendants, and each of them, in owning, operating and maintaining these

3  subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil

4  rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq.*

5       39.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental

6  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

7  humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and

8  naturally associated with a person with physical disabilities encountering architectural barrier(s)

9  as stated herein and being denied access, all to his damages as prayed hereinafter in an amount

10  within the jurisdiction of this court. No claim is being made for mental and emotional distress

11  over and above that usually associated with the discrimination and physical injuries claimed, and

12  no expert testimony regarding this usual mental and emotional distress will be presented at trial

13  in support of the claim for damages.

40.     Defendants', and each of their, failure to remove the architectural barriers

15  complained of herein created, at the time of plaintiff BYRON CHAPMAN's first visit to said

16  public accommodation, and continues to create continuous and repeated exposure to substantially

17  the same general harmful conditions which caused plaintiff BYRON CHAPMAN harm as stated

18  herein.

19       41.     Plaintiff BYRON CHAPMAN was denied his rights to equal access to a public

20  facility by defendant J&W HOTEL, INC., because defendant J&W HOTEL, INC. maintained a

21  motel without access for persons with physical disabilities to its facilities, including but not

22  limited to signage, parking, cashier counter, guest room(s), men's restroom and women's

23  restroom, and other public areas as stated herein, and continue to the date of filing this complaint

24  to deny equal access to plaintiff and other persons with physical disabilities in these and other

25  ways.

42.     On information and belief, construction alterations carried out by defendants have

27  also triggered access requirements under both California law and the Americans with Disabilities

28  Act of 1990.

43. On information and belief, defendants have intentionally undertaken to modify
2 and alter existing building(s), and have failed to make them comply with accessibility
3 requirements under the requirements of ADAAG and California Building Code.

4 44. On information and belief, defendants have been negligent in their affirmative
5 duty to identify the architectural barriers complained of herein and negligent in the removal of
6 some or all of said barriers.

7 45. Because of defendants' violations, plaintiff and other persons with physical
8 disabilities are unable to use public facilities such as those owned and operated by defendants on
9 a "full and equal" basis unless such facility is in compliance with the provisions of the
10 Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety
11 Code §19955, *et seq.* and other accessibility law as pled herein. Plaintiff seeks an order from this
12 court compelling defendants to make the BEST WESTERN LA POSADA accessible to persons
13 with disabilities.

46. Plaintiff, as described hereinbelow, seeks injunctive relief to require the BEST
15 WESTERN LA POSADA to be made accessible to meet the requirements of both California law
16 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
17 defendants operate the motel as a public facility.

18 47. Plaintiff(s) believes that even with service of the summons and complaint
19 on defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation"
20 immediately undertake remedial action to identify and remove architectural barriers.

21 ///
22 ///
23 ///
24 ///
25 ///
/// 
27 ///
28 ///

48.     Plaintiff BYRON CHAPMAN seeks damages for violation of his civil rights on April 17, 2011, July 18, 2011 and October 13, 2012  and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff BYRON CHAPMAN  from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other motels, hotels, inns and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

49.     Plaintiff is informed and believes and therefore alleges that defendant J&W HOTEL, INC., and each of them, caused the subject building(s) which constitute the BEST WESTERN LA POSADA to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the BEST WESTERN  LA POSADA and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said motel and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of LA POSADA and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff BYRON CHAPMAN, and other members of the disability community.

Such construction, modification, ownership, operation, maintenance and practices of such public

2 | facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

3 | the ADA, 42 U.S.C. §12101, *et seq.*

4 |     50.    On personal knowledge, information and belief, the basis of defendants' actual

5 | and constructive notice that the physical configuration of the facilities including, but not limited

6 | to, architectural barriers constituting the BEST WESTERN LA POSADA and/or building(s) was

7 | in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but

8 | is not limited to, communications with invitees and guests, plaintiff BYRON CHAPMAN

9 | himself, sponsors of conferences owners of other restaurants, hotels, motels and businesses,

10 | notices they obtained from governmental agencies upon modification, improvement, or

11 | substantial repair of the subject premises and other properties owned by these defendants,

12 | newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990

and other access laws, public service announcements by former U.S. Attorney General Janet

14 | Reno between 1993 and 2000, and other similar information. Defendants' failure, under state

15 | and federal law, to make the BEST WESTERN LA POSADA accessible is further evidence of

16 | defendants' conscious disregard for the rights of plaintiff and other similarly situated persons

17 | with disabilities. Despite being informed of such effect on plaintiff and other persons with

18 | physical disabilities due to the lack of accessible facilities, defendants, and each of them,

19 | knowingly and willfully refused to take any steps to rectify the situation and to provide full and

20 | equal access for plaintiff and other persons with physical disabilities to the BEST WESTERN

21 | LA POSADA. Said defendants, and each of them, have continued such practices, in conscious

22 | disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of

23 | filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the

24 | architectural barriers referred to herein by virtue of the demand letter addressed to the defendants

25 | and served concurrently with the summons and complaint.

27

28

Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons

2  with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

3  safety of plaintiff and of other similarly situated persons, justifying the imposition of treble

4  damages per Civil Code §§52 and 54.3.

5        51.    Plaintiff BYRON CHAPMAN and the disability community, consisting of

6  persons with disabilities, would, could and will return to the subject public accommodation when

7  it is made accessible to persons with disabilities.

8  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
9      **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiff BYRON CHAPMAN, and Against Defendant J&W HOTEL,
10     INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL , inclusive)
        (42 U.S.C. §12101, *et seq.*)

11

12       52.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 51 of this complaint.

         53.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

14  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

15  protect:

16

17

18              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
                segregate individuals with disabilities; [that] such forms of
19              discrimination against individuals with disabilities continue to be a
                serious and pervasive social problem; [that] the nation's proper
20              goals regarding individuals with disabilities are to assure equality
                of opportunity, full participation, independent living and economic
21              self-sufficiency for such individuals; [and that] the continuing
                existence of unfair and unnecessary discrimination and prejudice
22              denies people with disabilities the opportunity to compete on an
                equal basis and to pursue those opportunities for which our free
23              society is justifiably famous.

    ///
24  ///
25  ///

    ///
27  ///
28

54.     Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

9      55.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, et seq.).  Among the public

12  accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
>
> ---
>
>      (A) an inn, hotel, motel, or other place of lodging, except
> for an establishment located within a building that contains not
> more than five rooms for rent or hire and that is actually occupied
> by the proprietor of such establishment as the residence of such
> proprietor.

19      42 U.S.C. §12181(7)(A)

20      56.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

21  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

22  privileges, advantages, or accommodations of any place of public accommodation by any person

23  who owns, leases, or leases to, or operates a place of public accommodation."

24  ///

25  ///

///

27  ///

28  ///

57.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(I)      the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;      -

(ii)      a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)      a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)      a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)      where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

58.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BEST WESTERN LA POSADA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).

On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

59.  Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

60.  On information and belief, construction work on, and modifications of, the subject building(s) of LA POSADA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

61.  Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

62.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff BYRON CHAPMAN has not returned to defendants' premises since on or about October 13, 2012, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

63.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

II.     **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

64.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

66.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

67.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

68.     Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' BEST WESTERN LA POSADA.

///
///
///
///
///

As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2   accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3   deterred from visiting the LA POSADA because of his knowledge and belief that the motel is

4   inaccessible to persons with disabilities.

5   California Civil Code §54.3(a) provides:

6               Any person or persons, firm or corporation, who denies or
                interferes with admittance to or enjoyment of the public facilities
7               as specified in Sections 54 and 54.1 or otherwise interferes with
                the rights of an individual with a disability under Sections 54, 54.1
8               and 54.2 is liable for each offense for the actual damages and any
                amount as may be determined by a jury, or the court sitting without
9               a jury, up to a maximum of three times the amount of actual
                damages but in no case less than . . .one thousand dollars ($1,000)
10              and . . . attorney's fees as may be determined by the court in
                addition thereto, suffered by any person denied any of the rights
11              provided in Sections 54, 54.1 and 54.2.

12              Civil Code §54.3(a)

        69.     On or about April 17, 2011, July 18, 2011 and October 13, 2012, plaintiff

14   BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff BYRON

15   CHAPMAN was denied access to signage, parking, cashier counter, guest room(s), men's

16   restroom and women's restroom and other public facilities as stated herein at the BEST

17   WESTERN LA POSADA and on the basis that plaintiff BYRON CHAPMAN was a person with

18   physical disabilities.

19        70.   As a result of the denial of equal access to defendants' facilities due to the

20   acts and omissions of defendants, and each of them, in owning, operating and maintaining these

21   subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil

22   rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq.

23        71.   Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress,

24   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

25   embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally

     associated with a person with physical disabilities encountering architectural barrier(s) as stated

27   herein and being denied access, all to his damages as prayed hereinafter in an amount within the

28   jurisdiction of this court.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

No claim is being made for mental and emotional distress over and above that usually associated

2 with the discrimination and physical injuries claimed, and no expert testimony regarding this

3 usual mental and emotional distress will be presented at trial in support of the claim for damages.

4       72.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct

5 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's

6 rights as a person or an entity that represents persons with physical disabilities on or about April

7 17, 2011, July 18, 2011 and October 13, 2012 , and on a continuing basis since then, including

8 statutory damages, a trebling of all of actual damages, general and special damages available

9 pursuant to §54.3 of the Civil Code according to proof.

10      73.     As a result of defendants', and each of their, acts and omissions in this regard,

11 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

12 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

13 disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

15 reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

16 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also

17 to compel the defendants to make their facilities accessible to all members of the public with

18 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

19 the provisions of §1021.5 of the Code of Civil Procedure.

20 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
       FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
21     (On Behalf of Plaintiff BYRON CHAPMAN and Against Defendant J&W HOTEL,
       INC., a California Corporation dba BEST WESTERN  LA POSADA MOTEL ,
22     inclusive)
       (Health & Safety Code §19955, *et seq.*)
23

24      74.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

25 the allegations contained in paragraphs 1 through 73 of this complaint.

///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

75. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

76. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the BEST WESTERN LA POSADA and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the LA POSADA and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said motel and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

77. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of BEST WESTERN LA POSADA and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

On information and belief, at the time of the construction and modification of said building, all
2 buildings and facilities covered were required to conform to each of the standards and
3 specifications described in the American Standards Association Specifications and/or those
4 contained in the California Building Code.

5      78.    Hotels, motels and inns such as the BEST WESTERN  LA POSADA are "public
6 accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

7      79.    As a result of the actions and failure to act of defendants, and as a result of the
8 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
9 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
10 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
11 facilities.

12      80.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
14 plaintiff's civil rights and enforce provisions of the law protecting access for the persons with
15 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
16 and to take such action both in plaintiff's own interests and in order to enforce an important right
17 affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all
18 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
19 §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
20 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
21 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
22 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

23

24

25

27

28

81.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

2  them, to make the subject place of public accommodation readily accessible to and usable by

3  persons with disabilities.

4  **IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

5  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET
   SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**

6  (On Behalf of Plaintiff BYRON CHAPMAN and Against Defendant J&W HOTEL,
   INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL ,

7  inclusive)
   (Civil Code §51, 51.5)

8
      82.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9  the allegations contained in paragraphs 1 through 81 of this complaint.

10
      83.     Defendants' actions and omissions and failure to act as a reasonable and prudent

11  public accommodation in identifying, removing and/or creating architectural barriers, policies,

12  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

    Unruh Act provides:

14          This section shall be known, and may be cited, as the

15          Unruh Civil Rights Act.

16          All persons within the jurisdiction of this state are free and
            equal, and no matter what their sex, race, color, religion, ancestry,

17          national origin, or **disability** are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in

18          all business establishments of every kind whatsoever.

19          This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is

20          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or **disability.**

21
            Nothing in this section shall be construed to require any

22          construction, alteration, repair, structural or otherwise, or
            modification of any sort whatsoever, beyond that construction,

23          alteration, repair, or modification that is otherwise required by
            other provisions of law, to any new or existing establishment,

24          facility, building, improvement, or any other structure . . . nor shall
            anything in this section be construed to augment, restrict, or alter in

25          any way the authority of the State Architect to require construction,
            alteration, repair, or modifications that the State Architect
            otherwise possesses pursuant to other . . . laws.

27          A violation of the right of any individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336)

28          shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5 defendants, and each of them.

6      84.    The acts and omissions of defendants stated herein are discriminatory in nature

7 and in violation of Civil Code §51.5:

8     No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell
9     to, or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or
10     of the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11     suppliers, or customers.

12     As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

14     Nothing in this section shall be construed to require
any construction, alteration, repair, structural or otherwise, or
15     modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by
16     other provisions of law, to any new or existing establishment,
facility, building, improvement, or any other structure . . . nor
17     shall anything in this section be construed to augment, restrict
or alter in any way the authority of the State Architect to
18     require construction, alteration, repair, or modifications that
the State Architect otherwise possesses pursuant to other laws.

19     85.    Defendants' acts and omissions as specified have denied to the plaintiff full

20 and equal accommodations, advantages, facilities, privileges and services in a business

21 establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5,

22 the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California

23 Civil Code §51, "A violation of the right of any individual under the Americans with

24 Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this

25 section." Plaintiff accordingly incorporates the entirety of his above cause of action for

26 violation of the Americans with Disabilities Act at ¶52, et seq., as if repled herein.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

86.     As a result of the denial of equal access to defendants' facilities due to the

2 acts and omissions of defendants, and each of them, in owning, operating and maintaining

3 these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of

4 plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54,

5 54.1, and 54.3, *et seq.*

6      87.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental

7 distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

8 humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly

9 and naturally associated with a person with physical disabilities encountering architectural

10 barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter

11 in an amount within the jurisdiction of this court.  No claim is being made for mental and

12 emotional distress over and above that usually associated with the discrimination and

13 physical injuries claimed, and no expert testimony regarding this usual mental and emotional

14 distress will be presented at trial in support of the claim for damages.

15      88.     Plaintiff BYRON CHAPMAN is entitled to the rights and remedies of

16 §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

17 Code to mean "special and general damages"), as well as to reasonable attorneys' fees and

18 costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

///

27 ///

28 ///

PRAYER:

Plaintiff prays that this court award damages and provide relief as follows:

I.  **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.  For injunctive relief, compelling defendants Defendants J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the BEST WESTERN  LA POSADA, located at 827 W. Ventura Street, Fillmore, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.  For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.  For such other and further relief as the court may deem proper.

II.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LAPOSADA MOTEL, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.  For injunctive relief, compelling defendants Defendant J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the BEST WESTERN LA POSADA, located at 827 W. Ventura Street, Fillmore, California, California, readily accessible to and usable by individuals with disabilities, per state law.

2.  Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

///

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure
§1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    General damages according to proof;

6.    For all costs of suit;

7.    Prejudgment interest pursuant to Civil Code §3291; and

8.    Such other and further relief as the court may deem just and proper.

III.  **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
§19955, *ET. SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant J&W HOTEL,
INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL,
inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendant Defendant J&W HOTEL, INC., a
California Corporation dba BEST WESTERN LA POSADA MOTEL, inclusive, to make the
BEST WESTERN LA POSADA, located at 827 W. Ventura Street, Fillmore, California,
California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,
alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

IV.   **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant J&W HOTEL,
INC., a California Corporation dba BEST WESTERN LAPOSADA MOTEL,
inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident
and for each occasion on which plaintiff was deterred from returning to the subject public
accommodation;

2.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the

2   prevailing party;

3        3.   General damages according to proof;

4        4.   Treble damages pursuant to Civil Code §52(a);

5        5.   For all costs of suit;

6        6.   Prejudgment interest pursuant to Civil Code §3291; and

7        7.   Such other and further relief as the court may deem just and proper.

8

9   Dated: March 7, 2013                    THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*

10

11

12                                          By:
                                                Thomas E. Frankovich
                                            Attorneys for Plaintiff BYRON CHAPMAN

14

15                          **DEMAND FOR JURY TRIAL**

16       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

17

18

19   Dated: March 7, 2013                    THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*

20

21

22                                          By:
                                                Thomas E. Frankovich
23                                          Attorneys for Plaintiff BYRON CHAPMAN

24

25

27

28