THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiff BYRON CHAPMAN

FILED
CLERK, U.S. DISTRICT COURT
MAR 20 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BYRON CHAPMAN,

Plaintiff,

v.

J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL,

Defendant.

CASE NO. CV 13-02008-DSF (JEMx)

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT OF PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW LITIGATION**

Plaintiff submits this Memorandum of Points and Authorities in Support of this Petition for Leave to File New Litigation.

## ARGUMENT

### I. PLAINTIFF'S PETITION FOR LEAVE TO FILE NEW LITIGATION MUST BE GRANTED BY THE COURT IF PLAINTIFF'S COMPLAINT HAS MERIT AND IS NOT FILED FOR PURPOSES OF HARASSMENT OR DELAY

Vexatious litigant statutes were created to "curb misuse of the court system" by persons who repeatedly relitigate the same issues. *In re Bittaker*, 55 Cal.App.4th 1004, 1008; 64 Cal.Rptr.2d 679 (1997). The statutes address those who are "persistent and obsessive" in bringing meritless or groundless actions. *First Western Development Corp. V. Superior Court*, 212 Cal.App.3d 860, 867-868; 261 Cal. Rptr. 116 (1989).

The California Legislature enacted Code of Civil Procedure § 391.7 in 1990. It operates "beyond the pending case" to authorize the court to issue a prefiling order that prevents a vexatious litigant from filing any new litigation without first seeking and obtaining permission from the presiding judge. *Bravo v. Ismaj,* 99 Cal.App.4th 211, 221; 120 Cal.Rptr.2d 879 (2002). The text of this section reads, in pertinent part,

> The court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Code Civ. Pro. § 391.7 (a).

Where such a prefiling order has been imposed on a party, upon application seeking initiation of new litigation "[t]he presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." Code Civ. Pro. § 391.7 (b). Thus, the inquiry necessarily undertaken by this Court in deciding whether plaintiffs' complaint should be accepted for filing by the Clerk is whether the litigation has merit and, if so, whether it is being filed for purposes of harassment or delay.

As evidenced in the declaration filed herewith, plaintiff BYRON CHAPMAN has visited the BEST WESTERN LA POSADA MOTEL on seven (7) separate occasions March 11, 2010, May 13, 2010, July 28, 2010, October 9, 2010, April 17, 2011, July 18, 2011 and October 13, 2012, he was deterred from renting an accessible room. On each of these occasions, plaintiff encountered architectural barriers to access which prevented his full use and enjoyment of the LA POSADA's services and facilities.

On March 11, 2010, plaintiff wrote letters to both the operator of LA POSADA and the owner of the building about the access problems he experienced and asking that remediations be undertaken. On March 30, 2010, plaintiff BYRON CHAPMAN received a response to his letter. It was only after returning to the LA POSADA only to find that nothing had been done to address his concerns, and there was no accessible room available that plaintiff decided to initiate litigation. On November 3, 2010, plaintiff BYRON CHAPMAN respond to Jay Hong Kim's letter of March 30, 2010. However, he never received a response.

As is plaintiff's counsel's practice, shortly after being retained by plaintiff in this matter an informal inspection of the LA POSADA was conducted by counsel and counsel's retained access consultant to confirm the existence of architectural barriers to access at the premises. This inspection confirmed the existence of the following barriers: (1) lack of directional signage to show accessible routes of travel, i.e. entrances; (2) lack of the requisite type and number of disabled parking stall(s); (3) lack of disabled van accessible parking stall(s); (4) lack of handicapped accessible parking signage; (5) lack of tow-a-way signage; (6) lack of an accessible entrance at lobby/registration due to threshold; (7) lack of handicapped accessible registration counter; (8) lack of a handicapped accessible guest room with two beds and bathroom within; (9) lack of the requisite number for handicapped accessible guest room(s) by classification /category of rooms; (10) lack of the requisite number of accessible guest room (s) by classification; (11) lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; (12) lack of a ramp compliant level landing with edge protector at the entrance to the lobby/registration; and (13) lack of a marked path of travel from the handicap parking stall to the lobby.

Having confirmed the existence of significant architectural barriers to access at the LA POSADA, and having reviewed with plaintiff BYRON CHAPMAN his efforts to seek informal resolution of his access concerns at the LA POSADA, counsel believes plaintiff's proposed complaint raises a meritorious claim which is worthy of resolution by this Court.

## II. THE BASIS FOR THE PRE-FILING ORDER AGAINST PLAINTIFF'S COUNSEL HAS BEEN CRITICIZED BY OTHER COURTS AND THE QUESTIONABLE PROPRIETY OF THE ORDER SHOULD BE GIVEN CONSIDERATION BY THIS COURT

The pre-filing order imposed against plaintiff's counsel, and from which plaintiff's petition to this Court rises, is reliant almost exclusively on the opinions of U.S. District Court Judge Edward Rafeedie as issued in the matter of *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860 (C.D. Cal. 2004) and 359 F.Supp.2d 924 (C.D. Cal. 2005).

Nonetheless, since their issuance, Judge Rafeedie's opinions concerning the vexatious nature of plaintiff's counsel's court filings have been largely disfavored by Judge Rafeedie's judicial brethren. *See Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938 (C.D. Cal. 2005); *Molski v. Rapazzini Winery*, 400 F.Supp.2d 1209 (N.D. Cal. 2005); *Doran v. Vicorp Restaurants, Inc.*, 407 F.Supp.2d 1115 (C.D. Cal. 2005); *Harway v. Bardack*, 2005 WL 3280897 (C.D. Cal. March 24, 2005); *Wilson v. Wal-Mart Stores, Inc.*, 2005 WL 3477827 (S.D. Cal. Oct. 12, 2005); *Wilson v. Wal-Mart Stores, Inc.*, 2005 WL 3477841 (S.D. Cal. Oct 5, 2005); *Feezor v. Wal-Mart Stores, Inc.*, 2006 WL 220152 (S.D. Cal. Jan. 25, 2006); and *Wilson v. Pier 1 Imps.*, 411 F.Supp.2d 1196; 2006 U.S. Dist. LEXIS 3906 (E.D. Cal. 2006). These Courts cited above– viewing the same or very similar facts (and sometimes the same plaintiff and counsel) – have refused to follow the *Molski* analysis, and some have openly questioned Judge Rafeedie's reasoning.

Most recently, in *Wilson v. Pier 1 Imps.*, 411 F.Supp.2d 1196 (E.D. Cal. 2006), Judge Lawrence Karlton of the Eastern District of California states quite emphatically that he cannot apply the rationale espoused in *Molski v. Mandarin Touch Restaurant*. As found by the Court in *Wilson*, "the number of lawsuits plaintiff has filed does not reflect that he is a vexatious litigant; rather, it appears to reflect the failure of the defendants to comply with the law." *Wilson*, 411 F.Supp.2d 1196 at 1200. Judge Karlton went on to debunk Judge Rafeedie's conclusions that a plaintiff's counsel's uniform pleadings and high rate of settlement are indicative of egregious and vexatious filings where counsel lacks confidence in the merits. Judge Karlton notes that it is unclear to him "why uniform instances of misconduct do not justify uniform pleadings," and he further comments that "[a] settlement rate no more indicates a plaintiff's lack of confidence than it does a defendant's. A high settlement rate is a fact of modern litigation."411 F.Supp.2d 1196 at 1201.

///

///

///

///

///

Contrary to Judge Rafeedie's opinions, plaintiff's past and present actions, while they may be many, are not of a frivolous or harassing nature, nor are they "extortionate shysterism" brought solely for the purpose of "extracting a quick monetary settlement." Rather, they are a legitimate exercise of the plaintiff's right to participate in a society free from discrimination and the barriers to inclusion which are allowed to exist through the inaction and/or indifference of individuals such as defendants herein. In their campaign to protect the financial interests of the business community at the expense of civil justice, Judge Rafeedie and his disciples in the defense bar have chosen to ignore the hundreds upon hundreds of public accommodations throughout the State of California which have been brought into full access compliance only because of the efforts of plaintiffs and their counsel. After all, to acknowledge plaintiff' injunctive success would be to acknowledge that plaintiffs actions really are about access enforcement, not "money-making shakedowns."

Plaintiff's action seeks nothing beyond that to which he is entitled under the laws of the United States and the State of California. Plaintiff is simply seeking enforcement of his right to access, and due and just compensation for his efforts and the efforts of his counsel in bringing about compliance with the law. It is indeed unfortunate that the rhetoric of one activist jurist has caused so many others to loose sight of the fact that it is plaintiffs who are the victims here, not defendants. Had defendants lived up to their legal obligation and taken steps to comply with the law prior to plaintiff's initial visit, they would not be the subject of this lawsuit. Nonetheless, because plaintiff exhibit the audacity to take defendants to task for their disregard of the law and the rights of their disabled patrons, Judge Rafeedie and his silk drape the defendants in the mantle of victim instead of the plaintiff. It is truly sad that this manipulation of justice has been tolerated and allowed to fester unchecked by other members of the judiciary.

Access delayed is access denied! It is a civil right of a disabled person to seek redress. It is a fundamental constitutional right to have access to the courts of this land. Plaintiff only asks that this Court not blindly deny plaintiff this right, and instead allow his claim to go forward on his true merit.

## CONCLUSION

For the foregoing reasons, plaintiff's Petition for leave to file new litigation should be granted.

Date: 3/7/13, 2013

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: ______________________
Thomas E. Frankovich
Attorneys for Plaintiffs BYRON CHAPMAN