THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiff BYRON CHAPMAN

FILED
CLERK, U.S. DISTRICT COURT
MAR 20 2013
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, | CASE NO. CV13-02008-DSF (JEMx) |
| Plaintiff, | DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF BYRON CHAPMAN'S PETITION |
| v. | |
| J&W HOTEL, INC., a California Corporation dba BEST WESTERN LA POSADA MOTEL, | |
| Defendant. | |

**DECLARATION OF THOMAS E. FRANKOVICH**

I, THOMAS E. FRANKOVICH, declare that I am an attorney duly licensed to practice in this and all of the courts in the state of California and if called as a witness and duly sworn, I would and could competently testify to the following based upon my own personal knowledge:

1. That, I have been an attorney since 1977, and the greater part of my practice since 1994 to the present time has been litigation of Americans with Disabilities Act of 1990 ("ADA") Title III Access cases.

2. That, I am the attorney of record for plaintiff, BYRON CHAPMAN.

3. That, I have been a member of the American Board of Trial Advocates since January of 1987.

DECLARATION OF THOMAS E. FRANKOVICH IN SUPPORT OF PLAINTIFF BYRON CHAPMAN'S PETITION

1

4. That, I have personally conducted an inspection and have had my expert conduct a Sub Rosa inspection of BEST WESTERN LA POSADA MOTEL located at/near 827 W. Ventura Street, Fillmore, California 93015 to fulfill my obligations under Rule 11. This I have always done in all my cases including the Jarek Molski litigations. My expert has confirmed that my observations as cited herein constitute architectural barriers.

5. My summary of my personal observations at the LA POSADA is as follows:

- lack of directional signage to show accessible routes of travel, i.e., entrances;
- lack of the requisite type and number of disabled parking stall(s);
- lack of disabled van accessible parking stall(s);
- lack of handicapped accessible parking signage;
- lack of tow-a-way signage;
- lack of an accessible entrance at lobby/registration due to threshold;
- lack of handicapped accessible registration counter;
- lack of a handicapped accessible guest room with two beds and bathroom within;
- lack of the requisite number for handicapped accessible guest room(s) by classification /category of rooms;
- lack of the requisite number of accessible guest room (s)by classification;
- lack of signage, policies, procedures and guidelines to ensure the persons with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;
- lack of a ramp compliant level landing with edge protector at the entrance to the lobby/registration; and
- lack of a marked path of travel from the handicap parking stall to the lobby.

6. Therefore, I request that plaintiff be allowed to file this complaint. Further, plaintiff's counsel will later seek to have the sanction dissolved based upon the Ninth Circuit Dissent in Jarek Molski v. Mandarin Touch, verdict in Jarek Molski v. Mandarin Touch in the Superior Court of Santa Barbara County, and the California State Bar Decision. This will be brought before the court in a separate motion.

1     I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of March, 2013 at San Rafael, California.

Respectfully submitted,

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: _____
Thomas E. Frankovich